UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMMY FELTON**  <br>    **D.O.C. # 535744** | : | **DOCKET NO. 15-cv-1985** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **ALLEN CORRECTIONAL CENTER**  <br>**ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are the *pro se* complaint and amendments in the § 1983 civil rights suit filed *in forma pauperis* by plaintiff Jammy Felton ("Felton"). Docs. 1, 4, 11. Felton is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at David Wade Correctional Center in Homer, Louisiana. Petitioner complains about events that occurred during his incarceration at Allen Correctional Center ("ALC") in Kinder, Louisiana. Felton names the following as defendants in this matter: ALC Warden; ALC Sergeants Savion Ashworth and Jacob Dolby; and ALC Captains Terry Langley and Ryan Selgrath.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## I.
### BACKGROUND

Felton claims that he was lying on the top bunk in his cell on the morning of January 1, 2015, when defendant Ashworth told him to "get the f—— up." Doc. 1, p. 3. Felton states that he put his head down in an effort to ignore Ashworth but the officer put his right hand into Felton's cell and slapped him five times in the face. *Id.* Approximately twenty minutes later Felton was

taken out of his cell for shower time, during which defendant Dolby allegedly threw a big bucket of liquid on him. *Id.* Felton states that after he asked for forms to file an administrative complaint, defendant Ashworth tried to bribe him with an extra food tray. *Id.* He also alleges that Sergeant Gamble threatened to get someone to beat him up. *Id.*

Felton claims that the defendants have violated Eighth Amendment Constitutional Rights against cruel and unusual punishment. *Id.* He seeks compensatory damages as relief. Doc. 1, p. 4. After our initial review, we ordered him to amend his complaint and provide, among other things, more information about the extent of his injuries and facts to support his allegation of retaliation. Doc. 6. Felton complied, admitting that he did not sustain serious physical injury and providing no further information about the extent of the injury he did sustain. Doc. 11, att. 1, p. 2. He also alleged that another defendant, Selgrath, pushed him to the ground in retaliation for the petitioner's complaint. *Id.* at 1.

## II.
## LAW & ANALYSIS

### A.  *Frivolity Review*

Felton has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be

granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett,* 157 F.3d at 1025 (failure to state a claim).

### B.  *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C.  *Theories of the Complaint*

#### 1.  Excessive Force

Felton appears to allege use of excessive force by defendants Ashworth, Dolby, and Selgrath. Such claims arise under the Eighth Amendment's prohibition of cruel and unusual punishment.

"When prison officials maliciously and sadistically use force to cause harm," the Eighth Amendment is violated "whether or not significant injury is evident." *Hudson v. McMillian*, 112 S.Ct. 995, 1000 (1992). However, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*.; *see Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997) (bruised ear lasting

for three days after guard twisted inmate's ear and held his arm behind his back was *de minimis* and did not state a claim for excessive force); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (inmate who suffered no injury when sprayed with a fire extinguisher was exposed to a *de minimis* use of force and his claim was properly dismissed as frivolous).

The petitioner does not allege any degree of injury from the complained-of acts. Accordingly, he has failed to state a claim under this theory.

**2. Retaliation**

In order to state a claim for retaliation under § 1983, a prisoner must allege that "a retaliatory adverse act" occurred in response to his invocation of a specific constitutional right. *Jones v. Greninger*, 188 F.3d 322, 324–325 (5th Cir. 1999). He must also show the defendant's intent to retaliate against the prisoner for exercise of that right. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

It is accepted within this circuit that an inmate "has a right to file grievances without being harassed or retaliated against for doing so." *Powell v. Martinez*, 579 Fed. App'x 250, 252 (5th Cir. 2014) (unpublished). However, the retaliatory act must be more than *de minimis*. *See Morris v. Powell*, 449 F.3d 682, 684–85 (5th Cir. 2006) (comparing allegedly retaliatory acts by their level of seriousness). Felton's allegation here of a single verbal threat by one ALC employee and attempted bribery with an extra lunch tray by another are not sufficiently serious to invite relief. Additionally, he fails to allege any facts in his claim against Selgrath to support his accusation that the push was done in retaliation for the petitioner's complaint. Therefore he has not established a claim for relief under this theory.

## III.
### CONCLUSION

Felton's amended complaint fails to allege facts that, if proven, would entitle him to relief. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 13th day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE